JOHNSTONE, Justice
(concurring in the rationale in part and concurring in the judgment).
But for an exception and a caveat, I concur in the main opinion. The exception and the caveat address different topics.
The exception is that I do not agree with the part-sentence which reads, “Carpenter, although admitting that under State law Mobile County could not be held responsi *1241 ble for the death of a City prisoner ....” 841 So.2d at 1238 (emphasis added). The pertinent passage in the plaintiffs brief reads:
“The circuit court’s order recites that at common law, i.e., absent this agreement, the County had no obligations regarding the ‘operation’ of the Mobile Metro Jail.
“This point is irrelevant since plaintiff does not contend that the County owed any duties at common law to inmates of county jails, nor is the Third Claim for Relief premised on any common law duties.
“Under well-settled Alabama law, a party may assume or agree to undertake duties that it does not owe under the common law, and if these duties are negligently breached, that party is liable for the reasonably foreseeable consequences of such negligence. This rule is a corollary of the legal principle that one who volunteers to act, although under no duty to do so, is thereafter charged with the duty of acting with due care. Berkel & Co. Contractors, Inc. v. Providence Hospital, 454 So.2d 496 (Ala.1984); Herston v. Whitesell, 374 So.2d 267 (Ala.1979).”
Plaintiff/Appellant’s brief, p. 14 (emphasis added; footnote omitted). The plaintiff here and elsewhere in her brief maintains the distinction, among others, between a county jail and the city-county jail at issue in this case.
The caveat is that we do not necessarily agree with the trial court in its conclusion that Keeton v. Fayette County, 558 So.2d 884 (Ala.1989), is distinguishable from the case before us. Our holding that the plaintiffs pleadings are sufficient to withstand a Rule 12(b)(6), Ala. R. Civ. P., motion pretermits any analysis of whether Keeton is analogous to, or distinguishable from, the case before us.
WOODALL, J., concurs.